IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eddie Lee Hatch,<br><br>    Petitioner,<br><br>vs.<br><br>United States of America,<br><br>    Respondent. | No. CV 16-2041-JJT (MHB)<br><br>[CR 02-1016-PHX-JJT]<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:

Petitioner Eddie Lee Hatch, an inmate currently incarcerated in the Federal Bureau of Prisons, through counsel has filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. §2255 (hereinafter "2255 motion") (Doc. 1). On August 17, 2016, Respondent the United States of America filed a Motion to Stay, and a Motion to Extend the Time to File a Response/Opposition to Petitioner's motion. (Docs. 5, 6.) On August 25, 2016, this Court granted Respondent's requested extension, permitting Respondent to file its response/opposition until "no later than two weeks after the Court's decision on the [motion to stay]," if denied, or up to two weeks "after the U.S. Supreme Court's decision in *Beckles v. United States*." (Doc. 8.) Petitioner filed a Response to the Motion to Stay on August 23, 2016, and on September 1, 2016, Respondent filed a Reply. (Docs. 7, 10.)

///

///

**BACKGROUND**

Petitioner raises one claim in his 2255 motion, that the sentence imposed upon revocation of his supervised release in case number CR-02-1016-JJT violates the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of 18 U.S.C. §924(e), the Armed Career Criminal Act, was unconstitutionally vague. Petitioner asserts that his revocation sentence was enhanced by United States Sentencing Guideline ("U.S.S.G.") 7B1.4(a), which contains an identical residual clause to the one at issue in Johnson.

On September 18, 2003, Petitioner was sentenced to 150 months in prison followed by 5 years' supervised release based on his conviction for being a felon in possession of a firearm. (CR-02-1016, Doc.40.) Petitioner was released from custody on July 25, 2014. (Id., Doc. 57.) On September 30, 2014, a criminal complaint was filed in this court charging Petitioner with one count of armed bank robbery, and, based upon this charge, the United States Probation Office filed a petition to revoke Petitioner's supervised release. (14-CR-1305, Doc. 8; 02-CR-1016, Doc. 57) The parties entered into a comprehensive plea agreement in which Petitioner agreed to plead guilty to the new bank-robbery charge, and that in exchange, Petitioner's sentence on the bank-robbery charge would not exceed 170 months, and his sentence on the supervised-release violation would not exceed the low end of the Sentencing Guideline range. (14-CR-1305 Doc. 27 at 2-3.) There was no agreement as to whether the sentences would run concurrently or consecutively. (Id.)

One of the elements of the crime of bank robbery is that the defendant, by using force and violence, or intimidation, takes from the person or presence of another, money belonging to a financial institution. 28 U.S.C. 2113(a) (14-CR-1305, Doc. 27 at 6.) In the factual basis for Petitioner's guilty plea to the bank robbery charge, Petitioner admitted to approaching a teller of the bank and then threatening to shoot him if a dye pack was placed with the money or if the teller did not comply quickly with Petitioner's demands. (Id., Doc. 27 at 6.)

The Probation Office prepared a disposition Memorandum, in which Petitioner's new bank-robbery conviction was considered a "crime of violence" and therefore categorized as

1  a Grade A supervised release violation pursuant to U.S.S.G. §7B1(a)(A)(i)[1], which provides
2  for an increased range of sentence on a supervised release violation: from 21-27 months for
3  a Grade B violation, to 51 to 63 months for a Grade A violation.[2] See U.S.S.G. 7B1.4(a).
4  (02-CR-1016, Doc. 82.) According to Application Note 2, the term "crime of violence" has
5  the same meaning as in U.S.S.G. §4B1.2, which defines a crime of violence as a crime
6  punishable by a term exceeding one year that:

*a(1).*   has as an element the use, attempted use, or threatened use of physical force against the person of another, or,

*a(2).*   is a burglary of a dwelling, arson, or extortion, involves use of explosives, or **otherwise involves conduct that presents a serious potential risk of injury to another**.[3]

U.S.S.G. §4B1.2(a)(1), (2).

Although it appears that Petitioner's bank robbery conviction could qualify as a crime of violence under subsection *a(1)*, the probation officer in the pre-disposition Memorandum did not make any finding as to whether subsection *a(1)* or *a(2)* applied to the facts of Petitioner's bank robbery, and no such finding was made by the Court at sentencing.[4] On April 7, 2015, Petitioner was sentenced to 87-months in the bank robbery case. (14-CR-1305, Doc. 37.) In the supervised release case, Petitioner was sentenced to 51-months in prison, and that sentence was ordered to be served consecutively to the bank robbery sentence. (02-CR-1016, Doc. 74.)

---

[1] A Grade A violation consists of "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (I) is a crime of violence." U.S.S.G. §7B1(a)(A)(i) (quoted in pertinent part).

[2] Petitioner fell into Criminal History Category VI.

[3] Bolded clause is the "residual clause."

[4] See, Statement of Reasons, Judgment, Sentencing Transcript. (14-CR-1305, Docs. 36, 37, 46.)

- 3 -

1    The residual clause of 18 U.S.C. §924(e)(2)(B), which was the focus of Johnson, and
2 found to be unconstitutional is identical to the residual clause that appears in U.S.S.G.
3 4B1.2(a)(2). Petitioner asserts in his 2255 motion, that Johnson requires that the Court
4 vacate his supervised release sentence of 51 months, and remand for resentencing.

5    Respondent requests a stay of these proceedings pending the U.S. Supreme Court's
6 forthcoming decision in Beckles v. United States, No. 15-8544, – U.S. –, 136 S.Ct. 2510,
7 2016 WL 1029080 (*cert.* granted June 27, 2016), which will resolve a Circuit split and
8 address whether Johnson's constitutional holding applies to the "crime of violence" residual
9 clause of U.S.S.G. §4B1.2(a)(2), and whether it does so retroactively on collateral review[5].
10 Respondent concedes for purposes of its motion to stay that the constitutional holding applies
11 to the Sentencing Guidelines, but disputes whether the Johnson holding applies retroactively
12 to guideline cases on collateral review.

### ANALYSIS

14    A court's power to stay proceedings pending the resolution of another case is "incidental
15 to the power inherent in every court to control the disposition of the causes on its docket with
16 economy of time and effort for itself, for counsel, and for litigants." Landis v. North
17 American Co., 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is
18 efficient for its own docket, and the fairest course for the parties to enter a stay of an action
19 before it, pending resolution of independent proceedings which bear upon the case." Leyva
20 v. Certified Grocers of California, 593 F.2d 857, 863 (9th Cir. 1979). In determining whether
21 a stay is appropriate, the court must weigh "the competing interests which will be affected
22 by the granting or refusal to grant a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1109
23 (9th Cir. 2005) (citing CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). The
24 "proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S.
25 681, 709 (1997) (citing Landis, 299 U.S. at 255). If there is "even a fair possibility" of harm

---

[5]The Supreme Court has held that Johnson announced a new rule of constitutional law that is retroactive to cases involving the residual clause of the Armed Career Criminal Act. Welch v. United States, – U.S. –, 136 S.Ct. 1257 (2016).

- 4 -

1 to the opposing party, the moving party "must make out a clear case of hardship or inequity
2 in being required to go forward." Lockyer, 398 F.3d at 1112 (citing Landis, 299 U.S. at 254).
3 In habeas cases, "special considerations" are implicated "that place unique limits on a district
4 court's authority to stay a case in the interests of judicial economy." See Yong v. INS, 208
5 F.3d 1116, 1120 (9th Cir. 2000).  If a stay is especially long or its term is indefinite," the
6 Court "require[s] a greater showing to justify it." Id. at 1119.

7 One of the factors the court may weigh in considering a stay of proceedings is the
8 likelihood of success on the merits.  Hilton v. Braunskill, 481 U.S. 770, 776 (1987).
9 Petitioner has raised one claim in his 2255 motion, that the crime he was convicted of, bank
10 robbery,  falls within the "residual clause" of the Guidelines and that therefore he is entitled
11 to a re-sentencing under Johnson.  Petitioner cites United States v. Selfa, 918 F.2d 749, 751
12 (9th Cir. 1990), for the proposition that the "by intimidation" clause of the bank robbery
13 statute requires only that the robber take bank money "in such a way that would put an
14 ordinary, reasonable person in fear of bodily harm," and thus the crime of bank robbery could
15 not fall under the "force clause" of U.S.S.G. §4B1.2. (Doc. 1 at 4.).  Although the Selfa
16 court did define "by intimidation" as Petitioner asserts, its holding was that a bank robbery
17 by intimidation involved the "threatened use of physical force" under U.S.S.G. §4B1.2, and
18 thus would not implicate the residual clause of that guideline.  Selfa, 918 F.2d at 751 (citing
19 United States v. Maddlena, 893 F.2d 815 (6th Cir. 1989)).  It is not clear, therefore, that
20 Petitioner will be granted relief should the Supreme Court rule Johnson applicable to the
21 Guidelines, and retroactive to cases on collateral review.

22 Another factor for the court to consider is whether issuance of the stay will substantially
23 injure the parties interested in the proceeding.  Hinton, 481 U.S. at 776.  Petitioner does not
24 dispute that the length of stay requested here - likely through June, 2017.  This is not an
25 "indefinite, and potentially lengthy stay" envisioned by the court in Young v. INS, 208 F.3d
26 1116, 1120-21 (9th Cir. 2000) (considerations of judicial economy do not justify indefinite,
27 lengthy stay).  Because Petitioner has an 87-month sentence to serve (imposed on April 7,
28

2015) before he even begins to serve his Guideline sentence, there is virtually no likelihood that he will be prejudiced by the anticipated length of this stay.

Recently, the Ninth Circuit ordered stays in two cases pending the outcome of Beckles, but later lifted the stays based upon the fact that the defendants could realistically serve out the sentences they were contesting before Beckles is decided. See Jacob v. United States, No. 15-73302 (Docs. 36, 39); Gardner v. United States, No. 15-72559 (Docs. 39, 42). Numerous other courts have denied stays on that basis.[6]  That is not the case here.  Because Petitioner suffers no prejudice by a limited stay of proceedings, this Court finds that Petitioner will not be irreparably injured.

Considerations of judicial economy and the public interest weigh in favor of a limited stay of these proceedings.  An inordinate amount of effort and time could be expended in the litigation of Petitioner's 2255 motion. There are two scenarios under which Petitioner could receive finality in this matter without consideration of the outcome of Beckles: one would be if the Court were to deny his 2255 motion on affirmative defenses and that decision was affirmed on appeal; the other would be if the court were to deny his 2255 motion on the merits and that decision was affirmed on appeal.  In both scenarios, Petitioner's motion is not successful and his circumstances are not improved, and in the latter circumstance, the litigation of the merits would have been unnecessary if the Court in Beckles finds either that the Johnson holding does not apply to the Guidelines, or that it does not apply retroactively to cases on collateral review.  In either case, Petitioner derives no benefit from the denial of a stay.

---

[6] Respondent cites cases from the Eighth Circuit, First Circuit and Tenth Circuit in which requests for stays pending the outcome of Beckles were granted, and also cites numerous Ninth Circuit District Court cases in which courts have both granted and denied stay requests, and cites one District (Hawaii), in which a blanket Beckles stay was granted. (Doc. 6 at 5-6.)

- 6 -

1    On the other hand, if Petitioner's motion is granted on the merits, the <u>Beckles</u> decision 2 could undo that decision, and again, the time and effort spent litigating the 2255 motion in 3 court would have been unnecessary.

4    In sum, if the Supreme Court decides that <u>Johnson</u>'s holding does not apply retroactively 5 to the Sentencing Guidelines, this Court can simply deny Petitioner's motion.  And, if the 6 Supreme Court finds to the contrary, and this Court then grants or denies Petitioner's motion, 7 there will be no pending Supreme Court decision which could render moot the Court's and 8 the litigants' efforts.

9    Undoubtedly, there are cases in which petitioners will potentially be prejudiced by the 10 length of stay contemplated here, but this is not one of them.  Additionally, should the 11 Supreme Court not decide <u>Beckles</u> in the upcoming term, or if Petitioner's circumstances 12 change, Petitioner can always move to have the stay lifted.  Thus, this Court will recommend 13 that this matter be stayed pending the Supreme Court's decision in <u>Beckles</u>.

14    **IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Stay Further 15 Proceedings on the Motion to Vacate Sentence (Doc. 6) be granted.

16    **IT IS FURTHER RECOMMENDED** that the Court order Respondent to file its 17 opposition or other response to Petitioner's 2255 motion no later that 30 days after the 18 Supreme Court issues a decision in <u>Beckles</u>.

19    This recommendation is not an order that is immediately appealable to the Ninth Circuit 20 Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate 21 Procedure, should not be filed until entry of the district court's judgment. The parties shall 22 have fourteen days from the date of service of a copy of this recommendation within which 23 to file specific written objections with the Court. <u>See</u> 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 24 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within 25 which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil 26 Procedure for the United States District Court for the District of Arizona, objections to the 27 Report and Recommendation may not exceed seventeen (17) pages in length. Failure timely 28 to file objections to the Magistrate Judge's Report and Recommendation may result in the

- 7 -

acceptance of the Report and Recommendation by the district court without further review. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. <u>See</u> Rule 72, Federal Rules of Civil Procedure.

DATED this 30th day of September, 2016.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge